[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Bailey*, Slip Opinion No. 2022-Ohio-4407.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2022-OHIO-4407

THE STATE OF OHIO, APPELLANT, *v.* BAILEY, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Bailey*, Slip Opinion No. 2022-Ohio-4407.]**

*Criminal law—R.C. 2941.25—Plain-error doctrine—A defendant who fails to preserve the issue of merger of allied offenses under R.C. 2941.25 by raising an objection in the trial court forfeits all but plain error—Defendant failed to establish that trial court's decision not to merge kidnapping and rape counts for purposes of sentencing constituted plain error—Judgment reversed and sentence imposed by trial court reinstated.*

(No. 2021-1432—Submitted July 13, 2022—Decided December 14, 2022.)

APPEAL from the Court of Appeals for Hamilton County, No. C-200386, 2021-Ohio-3664.

_____

**DONNELLY, J.**

{¶ 1} This case turns on the proper application of the plain-error doctrine. We conclude that the plain-error doctrine was not properly applied by the First

District Court of Appeals in this matter. We, therefore, reverse the court of appeals' judgment.

## FACTS AND PROCEDURAL HISTORY

{¶ 2} Appellee, Tytus Bailey, approached a group of three—one woman and two men—in downtown Cincinnati with the intent to rob them. When he learned they did not have much of value to take, Bailey knocked the two men unconscious and threatened to do the same to the woman. He then forced the woman to walk the distance of about one city block to a parking garage where he raped her. Bailey was arrested and indicted in the Hamilton County Court of Common Pleas for one count each of robbery, kidnapping, and abduction and two counts of rape. A jury found Bailey guilty on all counts.

{¶ 3} For purposes of sentencing, the trial court merged the abduction and kidnapping counts. The court concluded that the kidnapping and rape counts did not merge, because kidnapping the victim and forcing her walk to the parking garage was an offense independent of the subsequent rapes. The court sentenced Bailey to prison terms of 11 years for each rape count, 11 years for the kidnapping count, and 8 years for the robbery count—the maximum sentences available—and ordered that the sentences be served consecutively. Bailey did not object at sentencing to the trial court's failure to merge the kidnapping and rape counts.

{¶ 4} Bailey appealed to the First District. The court of appeals denied three of Bailey's assignments of error, which are no longer at issue in this case, and reversed on the fourth, concluding that the kidnapping and rape counts were allied offenses of similar import that should have been merged and that the trial court committed plain error by failing to merge them.

{¶ 5} We accepted appellant the state's appeal on the following proposition of law:

A trial court's judgment to sentence two offenses separately is due deference by a reviewing court where: the record strongly supports the determination that the movement of the rape victim was substantial enough to attain independent significance; the reviewing court was not present at trial to view the demeanor of the defendant or the victim; the defendant waived the issue and caselaw supports separate sentences in similar cases. When a reviewing court reverses, not for any apparent "manifest injustice"—but because it subjectively disagrees with the trial court's determination—it is simply substituting its judgment for that of the trial judge. Under such circumstances, the reviewing court's reversal is itself properly reversed.

*See* 166 Ohio St.3d 1405, 2022-Ohio-461, 181 N.E.3d 1194.

## ANALYSIS

### *Standard of Review*

{¶ 6} We review de novo whether certain offenses should be merged as allied offenses under R.C. 2941.25. *State v. Williams*, 134 Ohio St.3d 482, 2012-Ohio-5699, 983 N.E.2d 1245, ¶ 1.

### *Plain-Error Doctrine*

{¶ 7} The question before this court is whether the First District properly determined that the trial court erred by not merging the kidnapping and rape counts as allied offenses. Because it is undisputed that Bailey failed to preserve the issue of merger at trial, we review the issue for plain error. *See State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 28 ("the failure to raise the allied offense issue at the time of sentencing forfeits all but plain error").

{¶ 8} Under the plain-error doctrine, intervention by a reviewing court is warranted only under exceptional circumstances to prevent injustice. *State v. Long*,

53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph three of the syllabus ("Notice of plain error * * * is to be taken with the utmost caution, under exceptional circumstances and only to prevent a miscarriage of justice"). To prevail under the plain-error doctrine, Bailey must establish that "an error occurred, that the error was obvious, and that there is 'a reasonable *probability* that the error resulted in prejudice,' meaning that the error affected the outcome of the trial." (Emphasis added in *Rogers*.) *State v. McAlpin*, ___ Ohio St.3d ___, 2022-Ohio-1567, ___ N.E.3d ___, ¶ 66, quoting *Rogers* at ¶ 22; *see* also *State v. Wilks*, 154 Ohio St.3d 359, 2018-Ohio-1562, 114 N.E.3d 1092, ¶ 52.

{¶ 9} The elements of the plain-error doctrine are conjunctive: all three must apply to justify an appellate court's intervention. *State v. Barnes*, 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002) ("By its very terms, the rule places three limitations on a reviewing court's decision to correct an error despite the absence of a timely objection at trial").

{¶ 10} First, there must be error—i.e., " 'a deviation from a legal rule' that constitutes 'an "obvious" defect in the trial proceedings.' " *Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, at ¶ 22, quoting *Barnes* at 27. In this case, Bailey challenged the trial court's determination to not merge the kidnapping and rape counts as error. And the First District agreed, concluding that the trial court's failure to merge those counts constituted an obvious error. The test to determine whether allied offenses should be merged is well known:

> We have applied a three-part test under R.C. 2941.25 to determine whether a defendant can be convicted of multiple offenses: "As a practical matter, when determining whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25, courts must ask three questions when defendant's conduct supports multiple offenses: (1) Were the offenses dissimilar in

import or significance? (2) Were they committed separately? and (3) Were they committed with separate animus or motivation? An affirmative answer to any of the above will permit separate convictions. The conduct, the animus, and the import must all be considered."

*State v. Earley*, 145 Ohio St.3d 281, 2015-Ohio-4615, 49 N.E.3d 266, ¶ 12, quoting *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, ¶ 31.

**{¶ 11}** Although determining whether R.C. 2941.25 has been properly applied is a legal question, it necessarily turns on an analysis of the facts, which can lead to exceedingly fine distinctions. *See State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, ¶ 52 ("this analysis may be sometimes difficult to perform and may result in varying results for the same set of offenses in different cases"), *abrogated in part by Ruff* at ¶ 1 (holding that "offenses resulting in harm that is separate and identifiable are offenses of dissimilar import" for purposes of merger under R.C. 2941.25(B)).

**{¶ 12}** In this case, Bailey forced the victim to walk about a city block to a parking garage where he raped her. He had informed the victim that his intention was to rape her. The trial court determined that Bailey's kidnapping of the victim by forcing her to walk to a different location was a separate offense from the rape that he committed once they reached the parking garage—in other words, the kidnapping was not merely incidental to the rape. This issue has arisen previously, *see, e.g.*, *State v. Logan*, 60 Ohio St.2d 126, 397 N.E.2d 1345 (1979), and culminated in the three-part test elucidated in *Ruff* and *Earley*.

**{¶ 13}** Because the trial court's ruling here involved a legal determination premised on the specific facts of this case, the court of appeals properly reviewed the issue de novo. *See Williams*, 134 Ohio St.3d 482, 2012-Ohio-5699, 983 N.E.2d 1245, at ¶ 16-27. Indeed, there is no dispute about the facts in this case; the dispute

is over the import of those facts. Finding that the facts of this case are most similar to those in *Logan*—based in large part on the distance that Bailey forced the victim to walk before reaching the location where he raped her—the First District concluded that the kidnapping here "was merely incidental to the rape." 2021-Ohio-3664, ¶ 12. But the three-part test is not a factual test centered on distance or any other fact. Nor should it be. *See Johnson* at ¶ 52.

{¶ 14} The second element of the plain-error test requires the error to be obvious. The trial court concluded that Bailey's motivation for making the victim walk to the parking garage was not incidental to the rape; the First District concluded that it was. Even if we were to assume that the trial court erred by not merging the kidnapping and rape counts, the facts of the case indicate that such an error was not obvious.

{¶ 15} The second element of the three-part test gives teeth to our belief that the plain-error doctrine is warranted only under exceptional circumstances to prevent injustice. *See Long*, 53 Ohio St.2d 91, 372 N.E.2d 804, at paragraph three of the syllabus; *see also United States v. Atkinson*, 297 U.S. 157, 160, 56 S.Ct. 391, 80 L.Ed. 555 (1936) ("In exceptional circumstances, especially in criminal cases, appellate courts, in the public interest, may, of their own motion, notice errors to which no exception has been taken, if the errors are obvious, or if they otherwise seriously affect the fairness, integrity, or public reputation of judicial proceedings").

## CONCLUSION

{¶ 16} Application of the law governing the merger of allied offenses is dependent on the specific facts of each case. Here, it is clear to us that in an area of law so driven by factual distinctions, any asserted error was not obvious. Because Bailey failed to preserve the issue of merger of allied offenses by raising an objection in the trial court, he forfeited all but plain error, which he has not

established. Accordingly, we reverse the judgment of the First District Court of Appeals and reinstate the sentence imposed by the trial court.

Judgment reversed.

DEWINE and BRUNNER, JJ., concur.

FISCHER, J., concurs, with an opinion joined by O'CONNOR, C.J.

KENNEDY and STEWART, JJ., concur in judgment only.

_____

**FISCHER, J., concurring.**

**{¶ 17}** I agree with the majority opinion that the First District Court of Appeals erred when it found that the trial court committed plain error by refusing to merge the offenses of kidnapping and rape. I write separately to address the First District's reliance on this court's decision in *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923.

**{¶ 18}** The First District noted that it was required to apply plain-error analysis because appellee, Tytus Bailey, had failed to object at sentencing to the trial court's decision not to merge the kidnapping and rape counts. 2021-Ohio-3664, ¶ 7. Then, relying on its own decision in *State v. Merz*, 1st Dist. Hamilton No. C-200152, 2021-Ohio-2093, and this court's decision in *Underwood*, the First District held: "A trial court's failure to merge allied offenses 'necessarily affects a substantial right' that constitutes plain error." *Id.*, quoting *Merz* at ¶ 7. I write to point out that this court's holding in *Underwood* is not as broad as the First District suggests and does not support the First District's conclusion that a failure to merge allied offenses of similar import always constitutes plain error, even if the error is not obvious.

**{¶ 19}** In *Underwood*, Richard Underwood committed two acts of theft and was indicted on four counts: two counts of theft and two counts of aggravated theft. *Id.* at ¶ 2. Underwood entered into a plea deal with the state and pled no contest to each of the four counts. *Id.* at ¶ 4. The state filed a sentencing recommendation as

part of the deal; in that sentencing recommendation, the state noted, " 'The two counts in each of the different categories of thefts would be considered allied offenses of similar import and would require the Court to sentence the defendant to only one of the thefts.' " *Id.* at ¶ 5. Despite the state's sentencing recommendation, the trial court sentenced Underwood to separate prison terms on each count and made no mention of allied offenses. *Id.* at ¶ 6.

{¶ 20} On appeal, Underwood argued that the trial court had improperly imposed separate sentences for allied offenses of similar import. *Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, at ¶ 7. The state argued that Underwood's sentence was not reviewable on appeal because it was imposed pursuant to a plea agreement. *Id.* Therefore, the issue before this court was whether an agreed-upon sentence is reviewable when it includes separate sentences for allied offenses of similar import. *Id.* at ¶ 9. This court held that a defendant's plea to multiple counts does not affect the sentencing court's mandatory duty to merge allied offenses of similar import. *Id.* at ¶ 30. Therefore, we held that a court of appeals may review a defendant's claim that the court imposed separate sentences for allied offenses of similar import, even when the defendant had agreed to the sentence. *Id.* at ¶ 33. It was within that context that this court held that a trial court's failure to merge allied offenses of similar import may be considered plain error, even if the parties jointly agreed upon the sentence.

{¶ 21} In *Underwood*, the trial court's failure to merge the allied offenses was clearly plain error because the state had conceded that the offenses were allied offenses of similar import in its sentencing report. But nowhere in *Underwood* did this court hold that a reviewing court may forego a plain-error analysis when allied offenses are involved. To the contrary, this court made clear that plain-error analysis still applies, *id.* at ¶ 31-32, and that the party arguing plain error must show that there was " 'a deviation from a legal rule' that constitutes an 'obvious' defect in the trial proceedings," *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38

N.E.3d 860, ¶ 22, quoting *State v. Barnes*, 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002).

{¶ **22**} As the majority opinion points out, even if we were to assume that the trial court erred by not merging the kidnapping and rape counts, the facts of the case indicate that such an error was not obvious. Therefore, the facts in this case do not support a finding of an obvious defect in the trial proceedings that would constitute plain error.

O'CONNOR, C.J., concurs in the foregoing opinion.

_____

Joseph T. Deters, Hamilton County Prosecuting Attorney, and Philip R. Cummings, Assistant Prosecuting Attorney, for appellant.

The Law Office of John D. Hill, L.L.C., and John D. Hill Jr., for appellee.

Timothy Young, Ohio Public Defender, and Kimberly E. Burroughs, Assistant Public Defender, urging affirmance for amicus curiae, Ohio Public Defender.

_____