[Cite as *State v. Walker*, 2024-Ohio-303.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-230339 |
| | | TRIAL NO. B-2206032 |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| TROY WALKER, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: January 31, 2024

*Melissa A. Powers*, Hamilton County Prosecuting Attorney, and *Sean M. Donovan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*William F. Oswall, Jr.*, for Defendant-Appellant.

**BERGERON, Presiding Judge.**

{¶1}    Through a motion to suppress, defendant-appellant Troy Walker sought to exclude evidence of a firearm recovered by police from his pocket during a traffic stop by challenging the officers' grounds for the traffic stop and for asking him to step out of the vehicle.  Having lost that argument, he tries a new approach on appeal, challenging the officers' grounds for conducting a pat-down search on him, which uncovered the firearm.  But because he failed to raise that argument below, we review the pat-down issue only for plain error.  Finding no such error, we overrule his sole assignment of error and affirm the judgment of the trial court denying suppression of the firearm.

I.

{¶2}    During police surveillance of multiple hotels at which officers suspected ongoing drug, prostitution, and "some violent" activity, an undercover officer observed a car driven by Mr. Walker repeatedly moving in and out of a parking spot at one hotel. Suspecting the car's involvement in drug activity, he notified other officers about the vehicle.  Another undercover officer observed the driver commit multiple traffic violations including a turn signal violation, speeding, and reckless operation.  A third officer initiated a traffic stop and noticed a strong smell of raw marijuana emanating from the vehicle as she approached it.  She asked the driver, Mr. Walker, to step out and inquired about the smell.  He admitted to possessing marijuana in the car and acknowledged that he and his passenger had recently consumed marijuana.  But he also produced his medical marijuana card, which the officer confirmed was valid.

{¶3}    Soon after, the undercover officer who observed Mr. Walker's car at the hotel arrived and asked him to step behind the vehicle to perform a pat-down search.

2

He felt a "hard box" object in his right pants pocket and asked him about it. Mr. Walker insisted, "It's not mine." As he started to move his hands, the officer instructed him not to move, unzipped the pocket, and pulled out a firearm. The officer testified that he initiated the pat-down after observing Mr. Walker repeatedly looking at the vehicle and making "movements," raising suspicion that he might try to flee in the vehicle. Further, when he asked Mr. Walker to move behind the police car before the pat-down so that they would be out of the roadway, he saw something heavy dragging down his pants below his waist as he moved. Combined with the hotel surveillance and his view that "drugs and guns often come together," these observations led the officer to suspect that Mr. Walker carried a firearm and to conduct the pat-down. The state later indicted him on three felony gun charges: Carrying Concealed Weapons, in violation of R.C. 2923.12(A)(2), Having Weapons While Under Disability, in violation of R.C. 2923.13(A)(2), and Improperly Handling Firearms in a Motor Vehicle, in violation of R.C. 2923.16(B).

{¶4} Mr. Walker filed a motion to suppress, claiming officers violated Article I, Section 14 of the Ohio Constitution and the Fourth and Fourteenth Amendments to the U.S. Constitution by searching the vehicle without probable cause, but he did not challenge the pat-down search that uncovered the firearm. During cross-examination of the officers at the suppression hearing, defense counsel briefly asked one officer whether the pat-down was performed on suspicion of any crime, but he did not cross-examine the officer who performed the pat-down. Near the end of the hearing, the court asked defense counsel whether the firearm was found on Mr. Walker's person and not in the vehicle, which counsel confirmed. The court asked counsel whether that changed his argument, and counsel said, "No. My argument is that there was no

3

reasonable grounds to even get him out of the car in the first place." The trial court denied the motion in a brief entry, finding "the traffic stop was lawful, the defendant was not removed from the car illegally, and the *Terry* search was reasonable under the totality of the circumstances," referencing *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Mr. Walker pleaded no contest to the gun charges, and the trial court imposed a sentence of community control. He now challenges the pat-down search on appeal, and the state contends he waived the issue by failing to challenge it at the suppression hearing.

## II.

{¶5} At the outset, we conclude that Mr. Walker failed to raise the constitutionality of the pat-down search under *Terry* and its progeny in the trial court below. Generally, when a defendant fails to object or raise an issue below, the issue is not preserved for appeal, and a reviewing court can only reverse on plain error grounds. *State v. Barnes*, 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002); Crim.R. 52(B); *see State v. Thomas*, 1st Dist. Hamilton No. C-120561, 2013-Ohio-5386, ¶ 33 (assessing Fourth Amendment search issue only for plain error after defendant withdrew motion to suppress in the trial court). When a party " 'intentional[ly] relinquish[es] or abandon[s] [] a known right,' " though, that issue is fully waived and cannot be considered on appeal, even for plain error. *United States v. Olano*, 507 U.S. 725, 733, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993), quoting *Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); *see State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 20. Holding that he failed to raise the issue, rather than intentionally relinquishing it, we review the trial court's judgment on the *Terry* pat-down for plain error.

{¶6} Accordingly, Mr. Walker must show that an error occurred, that the error was plain, meaning "obvious," and that the error affected his "substantial rights," meaning it "affected the outcome of the trial." *Barnes* at 27; Crim.R. 52(B). To show the error affected the outcome, the defendant must "demonstrate [] a reasonable probability that but for [the error], the outcome of the trial would have been different." *State v. Mounts*, 1st Dist. Hamilton No. C-210608, 2023-Ohio-3861, ¶ 48-52 (synthesizing recent Supreme Court of Ohio plain error cases); *see State v. Bailey*, 171 Ohio St.3d 486, 2022-Ohio-4407, 218 N.E.3d 858, ¶ 8; *State v. Brunson*, 171 Ohio St.3d 384, 2022-Ohio-4299, 218 N.E.3d 765, ¶ 25; *State v. West*, 168 Ohio St.3d 605, 2022-Ohio-1556, 200 N.E.3d 1048, ¶ 22. We will reverse the trial court's judgment based on plain error only "under exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Long*, 53 Ohio St.2d 91, 97, 372 N.E.2d 804 (1978).

{¶7} The U.S. Supreme Court recognized an exception to the Fourth Amendment to the U.S. Constitution's general prohibition on warrantless searches in *Terry*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889.

> Under *Terry*, a limited protective search of the detainee's person for concealed weapons is justified only when the officer has reasonably concluded that "the individual whose suspicious behavior he is investigating at close range is armed and presently dangerous to the officer or to others * * *." [*Terry* at 24.] * * * "Where a police officer, during an investigative stop, has a reasonable suspicion that an individual is armed based on the totality of the circumstances, the officer may initiate a protective search for the safety of himself and

others." *State v. Bobo*, 37 Ohio St.3d 177, 524 N.E.2d 489 (1988),

paragraph two of the syllabus.

*State v. Evans*, 67 Ohio St.3d 405, 408-409, 618 N.E.2d 162 (1993).

{¶8} The trial court's conclusion that the officer's *Terry* search of Mr. Walker was reasonable does not constitute plain error. The officer's observation of a heavy object weighing down Mr. Walker's pants as he walked is particularly persuasive. *See State v. Billups*, 1st Dist. Hamilton No. C-150500, 2017-Ohio-4309, ¶ 12 (holding a *Terry* frisk reasonable in part because the suspect had a bulge in his pants pocket, among other factors); *State v. Rogers*, 1st Dist. Hamilton No. C-210666, 2022-Ohio-4535, ¶ 31. His additional suspicions regarding Mr. Walker's movements and glances toward the vehicle contributed to the reasonableness of the officer's suspicion that Mr. Walker was presently dangerous to those around him. *See State v. Olagbemiro*, 1st Dist. Hamilton Nos. C-170451 and C-170452, 2018-Ohio-3540, ¶ 20.

{¶9} Mr. Walker relies on two cases where this court held a *Terry* search unreasonable. First, a *Terry* pat-down was unreasonable where officers received a call about two people trying to get into a business, and the defendant initially distanced himself from a responding officer, placed his hands in his pockets, and acted nervously. *State v. Showes*, 1st Dist. Hamilton No. C-180552, 2020-Ohio-650, ¶ 15. Second, a pat-down was unreasonable where officers received a shot-spotter alert but did not hear shots, arrived in the "high crime" source area after dark five minutes later, located a man and a woman loading children into a car, did not observe the man make concerning gestures, and did not observe a bulge in any pocket. *State v. Henson*, 1st Dist. Hamilton No. C-210244, 2022-Ohio-1571, ¶ 25-31. By contrast, here, the officer observed a heavy object on Mr. Walker's person weighing down his pants. In the

context of the traffic stop, that observation is enough for us to conclude there was no obvious error in the trial court's determination of the reasonableness of the pat-down.

{¶10} And "when an officer is conducting a lawful pat-down search for weapons and discovers an object on the suspect's person which the officer, through his or her sense of touch, reasonably believes could be a weapon, the officer may seize the object as long as the search stays within the bounds of [*Terry*]." *Evans*, 67 Ohio St.3d at 416, 618 N.E.2d 162. Because the trial court's determination that the officer stayed within the bounds of *Terry* did not constitute plain error, it did not err in denying the motion to suppress.

\*     \*     \*

{¶11} Having overruled his sole assignment of error, we affirm the judgment of the trial court denying Mr. Walker's motion to suppress.

Judgment affirmed.

**CROUSE** and **WINKLER, JJ.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.