[Cite as *State v. Kupchik*, 2024-Ohio-1576.]

COURT OF APPEALS
PERRY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|                          |   | JUDGES:                      |
|--------------------------|---|------------------------------|
| STATE OF OHIO            | : | Hon. W. Scott Gwin, P.J.     |
|                          | : | Hon. Craig R. Baldwin, J.    |
| Plaintiff-Appellee       | : | Hon. Andrew J. King, J.      |
|                          | : |                              |
| -vs-                     | : |                              |
|                          | : | Case No. 23-CA-00006         |
| ANDREA K KUPCHIK         | : |                              |
|                          | : |                              |
| Defendant-Appellant      | : | OPINION                      |


CHARACTER OF PROCEEDING: Appeal from the Perry County Court of Common Pleas, Case No. 22 CR 0087

JUDGMENT: Affirmed

DATE OF JUDGMENT ENTRY: April 24, 2024

APPEARANCES:

For Plaintiff-Appellee

JOSEPH A. FLAUTT
111 North High Street
Box 569
New Lexington, OH 43764

For Defendant-Appellant

JORDEN M. MEADOWS
Box 310
Logan, OH 43138

*Gwin, P.J.*

{¶1} Defendant-appellant Andrea K. Kupchik ["Kupchik"] appeals from her sentence after a negotiated guilty plea in the Perry County Court of Common Pleas.

*Facts and Procedural History*

{¶2} On December 21, 2022, an indictment was returned against Kupchik charging her with two counts of Aggravated Burglary pursuant to R.C. 2911.11(A)(2), each a felony of the first degree; one count of Aggravated Arson pursuant to R.C. 2909.02(A)(2), a felony of the second degree; one count of Felonious Assault pursuant to R.C. 2903.11(A)(2), a felony of the second degree, and three counts of Aggravated Menacing pursuant to R.C. 2903.21(A), each a misdemeanor of the first degree. The facts giving rise to the charges are as follows.

{¶3} On November 20, 2022, M.C. let Kupchik into his home after he heard her screaming outside that someone was trying to kill her. *Reply to Request for Discovery and Notice of Intention to Use Evidence*, *Perry County Sherriff's Office Ohio Uniform Incident Report* filed Jan. 10, 2023 at 5-6; *Statement, Nov. 20, 2022*. Once inside the home, and while standing in the kitchen, Kupchik pulled two long blade hunting knives from her pocket. Id. Kupchik began waiving the knives at M.C. and his fiancée T.B. Id. M.C. and T.B. retreated to the bedroom. Kupchik followed stabbing at the door. Thinking she had left, M.C. opened the door only to find Kupchik running back toward them. He closed the door. Id. A short time later, M.C. could smell something burning and smoke began to fill the home. Id. Upon leaving the bedroom M.C. notice several parts of the kitchen were on fire. M.C. was able to push Kupchik out of the door and extinguished the flames.

{¶4} Kupchik then went two doors down and entered a second residence and again brandished her knives. The police arrived and were able to subdue Kupchik with a taser and place her under arrest.

{¶5} On August 15, 2023, Kupchik appeared in Court with her appointed counsel and entered guilty pleas to two counts of Aggravated Burglary pursuant to R.C. 2911.11(A)(2), each a felony of the first degree, and one count of Felonious Assault pursuant to R.C. 2903.11(A)(2), a felony of the second degree. The first count of the indictment, Aggravated Burglary, stemmed from her entering the residence at 7852 Township Road 241 with M.C. and T.B. being present at the time. (Bill of Particulars). The fourth count of the indictment, Felonious Assault, stemmed from Kupchik attempting to cause physical harm to M.C. with the hunting knives while in his residence. (Bill of Particulars; *Plea* T. p. 13). In return for the pleas of guilty, the Prosecutor was to recommend to the Court that Kupchik be sentenced to an indefinite term of four years to six years on each of the three counts with all three counts to be served consecutively, all remaining charges were dismissed by the state.

{¶6} On September 19, 2023, Kupchik's attorney filed a Sentencing Memorandum in which he argued that Count One and Count Four of the Indictment were Allied Offenses of Similar Import and therefore pursuant to R.C. 2941.25(A) should be merged for sentencing.

{¶7} A sentencing hearing took place on September 19, 2023. Defense counsel requested that the court impose a prison term of five to eight years in prison on the charges and consider running at least two of the three charges concurrent to each other. Defense counsel further argued that Count One and Count Four are subject to merger as

they are allied offenses of similar import. The trial judge rejected defense counsel's argument and found that Counts One and Four do not merge for purposes of final conviction and sentence. The trial judge ultimately sentenced Kupchik to four years in prison on each count to be run consecutively for a total of 12 to 14 years.

*Assignment of Error*

**{¶8}** Kupchik raises one Assignment of Error,

**{¶9}** "I. THE TRIAL COURT ERRED WHEN IT IMPOSED SEPARATE SENTENCES UPON ANDREA KUPCHIK FOR OFFENSES THAT AROSE FROM THE SAME CONDUCT, WERE NOT COMMITTED SEPARATELY OR WITH A SEPARATE ANIMUS, AND SHOULD HAVE BEEN MERGED FOR SENTENCING PURPOSES UNDER ORC 2941.25."

**Standard of Appellate Review**

**{¶10}** We review a trial court's R.C. 2941.25 determination de novo. *State v. Williams,* 2012-Ohio-5699, ¶1; *State v. Ramunas,* 2021-Ohio-3191 (5th Dist.), ¶9.

**Issue for Appellate Review**: *Whether R.C. 2941.25 allows multiple convictions and sentences for aggravated burglary and felonious assault in Kupchik's case*

**{¶11}** The legal doctrine of merger is rooted in the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution as made applicable to the states through the Fourteenth Amendment. *State v. Pendleton*, 2020-Ohio-6833, ¶8. The Ohio Constitution similarly provides, "[n]o person shall be twice put in jeopardy for the same offense." Ohio Constitution, Article I, Section 10. Among the protections afforded under the Double Jeopardy Clause, is the protection against multiple punishments for the same offense. *State v. Ruff,* 2015-Ohio-995, ¶ 10.

{¶12} The General Assembly codified the judicial doctrine of merger in R.C. 2941.25. The statute precludes the "cumulative punishment of a defendant for the same criminal act where his conduct can be construed to constitute two statutory offenses, when in substance and effect, only one offense has been committed." *State v. Roberts*, 62 Ohio St.2d 170, 172-73 (1980).

{¶13} Kupchik pled guilty to felonious assault pursuant to R.C. 2903.11, to wit: "(A) No person shall knowingly… (2) Cause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance." The indictment specified that M.C. was the victim of the felonious assault.

{¶14} Kupchik also pled guilty to aggravated burglary in violation of R.C. 2911.11(A)(2), to wit: "(A) No person, by force, stealth, or deception, shall trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, when another person other than an accomplice of the offender is present, with purpose to commit in the structure or in the separately secured or separately occupied portion of the structure any criminal offense, if any of the following apply…(2) The offender has a deadly weapon or dangerous ordnance on or about the offender's person or under the offender's control." The indictment and Bill of Particulars provided that Kupchik entered the home when M.C. and T.D. were present.

{¶15} The Ohio Supreme Court has applied a three-part test under R.C. 2941.25 to determine whether a defendant can be convicted of multiple offenses:

As a practical matter, when determining whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25, courts must ask three questions when defendant's conduct supports multiple offenses:

(1) Were the offenses dissimilar in import or significance? (2) Were they

committed separately? and (3) Were they committed with separate animus

or motivation?

*State v. Ruff,* 2015-Ohio-995, ¶ 31; see also id. at paragraphs one, two, and three of the

syllabi; *State v. Early,* 2015-Ohio-4615, ¶12. Moreover, "a defendant's conduct that

constitutes two or more offenses against a single victim can support multiple convictions

if the harm that results from each offense is separate and identifiable from the harm of

the other offense." *Ruff* at ¶ 26; *State v. Knuff,* 2024-Ohio-902, ¶219; *State v. Jackson,*

2016-Ohio-5488, ¶128.

**{¶16}** An answer in the affirmative to any of the above questions will permit

separate convictions. *State v. Bailey*, 2022-Ohio-4407, ¶ 10, *citing State v. Earley*, 2015-

Ohio-4615, ¶ 12, citing *Ruff* at ¶ 31. "At its heart, the allied-offense analysis is dependent

upon the facts of a case because R.C. 2941.25 focuses on the defendant's conduct." *Ruff*

at ¶ 26. When determining whether multiple offenses merge pursuant to R.C. 2941.25, a

court must review the entire record. *State v. Junod*, 2019-Ohio-743, ¶60 (3rd Dist.), *citing*

*State v. Washington*, 2013-Ohio-4982, ¶ 24.

*Offenses dissimilar in import or significance*

**{¶17}** Our starting point is the first prong of the *Ruff* analysis—whether the

offenses were dissimilar in import and significance. There are two circumstances in which

offenses will be considered dissimilar in import making sentences of multiple counts

permissible. The first is "'[w]hen a defendant's conduct victimizes more than one person

[because] the harm for each person is separate and distinct.' * * * The second

circumstance is when a defendant's conduct against a single victim constitutes two or

more offenses and 'the harm that results from each offense is separate and identifiable from the harm of the other offense.'" *State v. Ramunas*, 2022-Ohio-4199, ¶ 23, *quoting Ruff* at ¶ 26, (Fischer, J., dissenting), *appeal dismissed as improvidently allowed*; *State v. Taylor-Hollingsworth,* 2023-Ohio-4435, ¶20 (10th Dist.).

**{¶18}** In the case at bar, pursuant to Count One of the Indictment, Kupchik entered the home with two long blade hunting knives while both M.C. and J.D. were present. Accordingly, Kupchik's act victimized two separate individuals. The harm to M.C. was separate and distinct from the harm to J.D. Therefore, merger is not appropriate. *Ruff,* ¶26.

**{¶19}** In addition, pursuant to Count Four of the Indictment, Kupchik attempted to cause physical harm with the knives only to M.C. Thus, Kupchik's conduct against M.C. constitutes two or more offenses and the harm that results from each offense is separate and identifiable from the harm of the other offense. The first harm occurred to M.C. when Kupchik entered the home with the two knives. At that point the aggravated burglary involving M.C. was complete. This harm would have occurred even if Kupchik had not attempted to harm M.C. with the knives. The second harm arose from Kupchik's act of waiving the knives and threatening M.C. with them. The harm resulting from this act was the threat that Kupchik would cause bodily harm to M.C. with the knives. Thus, we hold that the harm that resulted to M.C. from the aggravated burglary is indeed "separate and identifiable" in relation to the felonious assault that followed inside the victim's home.

**{¶20}** The trial court did not err in failing to merge the felonious assault count with the aggravated burglary count, as they are not allied offenses of similar import under the circumstances of this case.

**{¶21}** Kupchik's sole Assignment of Error is overruled.

**{¶22}** The judgment of the Perry County Court of Common Pleas is affirmed.

By: Gwin, P.J.,

Baldwin, J., and

King, J., concur