**[Cite as *State v. Kendrick*, 2025-Ohio-5789.]**

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## WYANDOT COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  v.

JACOB KENDRICK,

    DEFENDANT-APPELLANT.

CASE NO. 16-25-04

OPINION AND
JUDGMENT ENTRY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  v.

JACOB KENDRICK,

    DEFENDANT-APPELLANT.

CASE NO. 16-25-05

OPINION AND
JUDGMENT ENTRY

Appeals from Upper Sandusky Municipal Court
Trial Court Nos. CRB2400123AB and CRB2400124AB

Judgments Affirmed

Date of Decision: December 29, 2025

APPEARANCES:

    *Howard A. Elliott* for Appellant

**ZIMMERMAN, J.**

{¶1} Defendant-appellant, Jacob Kendrick ("Kendrick"), appeals the February 14, 2025 journal entries of the Upper Sandusky Municipal Court sentencing him following his guilty pleas to misdemeanor offenses in two separate cases. For the reasons that follow, we affirm the trial court's judgments.

{¶2} On June 6, 2024, two misdemeanor cases were filed against Kendrick. In Case No. CRB2400124AB, Kendrick was charged with domestic violence in violation of R.C. 2919.25(A), a first-degree misdemeanor, and unlawful restraint in violation R.C. 2905.03(A), a third-degree misdemeanor. In Case No. CRB2400123AB, Kendrick was charged with menacing in violation of R.C. 2903.22(A), a fourth-degree misdemeanor, and criminal trespass in violation R.C. 2911.21(A)(1), a fourth-degree misdemeanor. On June 7, 2024, Kendrick appeared for arraignment and entered pleas of not guilty to the charges in both cases.

{¶3} On January 8, 2025, Kendrick withdrew his pleas of not guilty and entered guilty pleas to the charges in both cases. The trial court accepted Kendrick's guilty pleas, deferred finding him guilty, and ordered a presentence investigation ("PSI").

{¶4} On February 14, 2025, the trial court found Kendrick guilty of the charges in both cases and proceeded to sentencing. In Case No. CRB2400124AB, the trial court sentenced Kendrick to 180 days in jail on the domestic-violence

charge and 90 days in jail on the unlawful-restraint charge. In Case No. CRB2400123AB, the trial court sentenced Kendrick to 30 days in jail on the menacing charge and 30 days in jail on the criminal-trespass charge. The trial court ordered that the sentences on the unlawful-restraint, menacing, and criminal-trespass charges be served consecutively to the sentence on the domestic-violence charge.

{¶5} On March 13, 2025, Kendrick filed his notices of appeal. He raises two assignments of error for our review.

**First Assignment of Error**

**The trial court erred by accepting a plea which was not knowingly, intelligently, and voluntarily made and did not properly explain the consequences and effect of the plea, and the rights being waived by entering the plea to the defendant, requiring that the plea be vacated and be remanded to the trial court for further proceedings.**

{¶6} In his first assignment of error, Kendrick argues that the trial court erred by accepting his guilty pleas because it did not inform him of the effect of the plea as required by Crim.R. 11(E). Kendrick further argues that his guilty pleas were not knowingly, intelligently, and voluntarily made because the trial court failed to advise him of the constitutional rights he was waiving under Crim.R. 11(C)(2). In particular, Kendrick asserts that the trial court failed to advise him of the right to subpoena witnesses in his favor and the right to remain silent.

*Standard of Review*

**{¶7}** "Ohio's Crim.R. 11 outlines the procedures that trial courts are to follow when accepting pleas." *State v. Dangler,* 2020-Ohio-2765, ¶ 11. The rule "sets forth distinct procedures, depending upon the classification of the offense involved." *State v. Jones*, 2007-Ohio-6093, ¶ 11.

**{¶8}** In misdemeanor cases involving petty offenses, Crim.R. 11(E) provides that a trial court shall not accept a plea of guilty or no contest "without first informing the defendant of *the effect of the plea* of guilty, no contest, and not guilty." (Emphasis added.) Moreover, the Ohio Supreme Court has held that "to satisfy the requirement of informing a defendant of the effect of a plea, a trial court must inform the defendant of the appropriate language under Crim.R. 11(B)." *Jones* at ¶ 25. Specifically, the trial court must inform the defendant that "[t]he plea of guilty is a complete admission of the defendant's guilt" before accepting a guilty plea. Crim.R. 11(B)(1). *See id.*

*Analysis*

**{¶9}** Kendrick first argues that the trial court failed to inform him of the effect of his guilty pleas as required by Crim.R. 11(E).

**{¶10}** Kendrick was convicted of domestic violence, unlawful restraint, menacing, and criminal trespass—all misdemeanor offenses. The most serious offense—domestic violence—is a first-degree misdemeanor and carries a maximum 180-day jail term. *See* R.C. 2929.24(A)(1). Thus, Kendrick's convictions are not

only misdemeanors, they are petty offenses as well. *See State v. Bowers*, 2012-Ohio-1585, ¶ 18 (3d Dist.) ("A 'petty offense' as indicated in Crim.R. 11(E) is defined as any misdemeanor for which the maximum penalty pursuant to state law is imprisonment for six months or less."); Crim.R. 2(D). Consequently, under Crim.R. 11(E), to accept Kendrick's guilty pleas, the trial court needed to inform Kendrick of the effect of his guilty pleas. That is, the trial court needed to advise Kendrick that "[t]he plea of guilty is a complete admission of the defendant's guilt." Crim.R. 11(B)(1). *See Jones*, 2007-Ohio-6093, at ¶ 25.

{¶11} Prior to accepting Kendrick's guilty pleas, the trial court asked, "Mr. Kendrick, you understand that by entering your guilty pleas that it *is a complete admission of your guilt* as to each one of these charges?" (Emphasis added.) (Jan. 8, 2025 Tr. at 5). Kendrick answered, "Yes, sir." (*Id.*). Therefore, the trial court satisfied the requirement of Crim.R. 11(E) by informing Kendrick of the effect of the plea before accepting his guilty pleas in misdemeanor cases involving petty offenses.

{¶12} Next, Kendrick argues that the trial court failed to advise him of the right to subpoena witnesses in his favor and the right to remain silent as required by Crim.R. 11(C)(2). Kendrick's argument is misplaced. The trial court was not required to inform Kendrick of the constitutional rights he was waiving by pleading guilty to the misdemeanor offenses because the advisements in Crim.R. 11(C)(2)

apply to felony cases. *See Jones* at ¶ 12 ("The procedure set forth in Crim.R. 11(C)(2) for felony cases is more elaborate than that for misdemeanors.").

{¶13} Kendrick's first assignment of error is overruled.

## Second Assignment of Error

**The trial court erred by failing to merge the count on [unlawful restraint] with the domestic violence count as they were based on a single act with a single animus and a single victim thus requiring the charges be merged and the case must be remanded to the trial court with the convictions for [unlawful restraint] and domestic violence be[ing] set aside and the matter [ ] remanded to the trial court for further proceedings.**

{¶14} In his second assignment of error, Kendrick argues that the trial court erred by not merging the domestic-violence and unlawful-restraint convictions as allied offenses of similar import under R.C. 2941.25. Specifically, Kendrick argues that "[b]oth of these charges are directed to the same victim and essentially the same act of [Kendrick]." (Appellant's Brief at 10).

*Standard of Review*

{¶15} "We review de novo whether certain offenses should be merged as allied offenses under R.C. 2941.25." *State v. Bailey*, 2022-Ohio-4407, ¶ 6. If, however, a defendant fails to preserve the issue of merger at the time of sentencing, he forfeits all but plain error on review. *Id*. at ¶ 7.

{¶16} Ohio's allied-offenses statute, R.C. 2941.25, specifies when a defendant may be convicted of multiple counts under the same indictment. The statute provides:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

**{¶17}** To determine whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25, we ask: "'''(1) Were the offenses dissimilar in import or significance? (2) Were they committed separately? and (3) Were they committed with separate animus or motivation?'''" *Bailey* at ¶ 10, quoting *State v. Earley*, 2015-Ohio-4615, ¶ 12, quoting *State v. Ruff*, 2015-Ohio-995, ¶ 31. An affirmative answer to any of these questions permits separate convictions. *Bailey* at ¶ 10.

*Analysis*

**{¶18}** Here, Kendrick failed to raise the issue of merger at the time of sentencing; therefore, we review for plain error.

**{¶19}** "Under the plain-error doctrine, intervention by a reviewing court is warranted only under exceptional circumstances to prevent injustice." *Bailey*, 2022-Ohio-4407, at ¶ 8. To prevail under the plain-error doctrine, the defendant-appellant must show that (1) an error occurred, (2) the error was obvious, and (3) there is a reasonable probability that the error resulted in prejudice. *Id*. at ¶ 8. All three

-7-

elements must be established to justify an appellate court's intervention. *Id.* at ¶ 9. *See also State v. Long*, 53 Ohio St.2d 91 (1978), paragraph three of the syllabus ("Notice of plain error . . . is to be taken with the utmost caution, under exceptional circumstances and only to prevent a miscarriage of justice.").

{¶20} As to the first element, Kendrick argues that the trial court erred by failing to merge the domestic-violence and unlawful-restraint convictions because both offenses involve "a singular act on the same victim that took place at the same time." (Appellant's Brief at 11).

{¶21} The domestic-violence statute provides that "[n]o person shall knowingly cause or attempt to cause physical harm to a family or household member." R.C. 2919.25(A). The unlawful-restraint statute provides that "[n]o person, without privilege to do so, shall knowingly restrain another of the other person's liberty." R.C. 2905.03(A).

{¶22} At the sentencing hearing, Kendrick admitted to hitting the victim and covering her in bruises. He also admitted to taking the victim's phone and not allowing her to leave the apartment until the police and child protective services arrived. The PSI indicates that Kendrick prevented the victim from leaving her apartment for several hours, while he used methamphetamine.

{¶23} Based on these facts, Kendrick committed two separate offenses on the same victim, resulting in harm that is distinct and separately punishable. *See Ruff*, 2015-Ohio-995, at ¶ 26 (holding that "two or more offenses of dissimilar

import exist within the meaning of R.C. 2941.25(B) . . . if the harm that results from each offense is separate and identifiable"). First, Kendrick caused physical injury to the victim by hitting her and covering her in bruises. Second, Kendrick restrained the victim's liberty for several hours by not allowing her to leave the apartment, while he used methamphetamine. Therefore, the domestic-violence and unlawful-restraint offenses are of dissimilar import and are not subject to merger.

{¶24} Accordingly, Kendrick cannot establish the first element of the plain-error test—that an error occurred—because the trial court did not err by sentencing Kendrick on the domestic-violence and unlawful-restraint convictions.

{¶25} Kendrick's second assignment of error is overruled.

{¶26} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgments of the trial court.

***Judgments Affirmed***

**MILLER and WILLAMOWSKI, J.J., concur.**

# JUDGMENT ENTRY

For the reasons stated in the opinion of this Court, the assignments of error are overruled and it is the judgment and order of this Court that the judgments of the trial court are affirmed with costs assessed to Appellant for which judgment is hereby rendered. The cause is hereby remanded to the trial court for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket. *See* App.R. 30.

William R. Zimmerman, Judge

Mark C. Miller, Judge

John R. Willamowski, Judge

DATED:
/hls