[Cite as *State v. Hess*, 2026-Ohio-1634.]

IN THE OHIO COURT OF APPEALS
FIFTH APPELLATE DISTRICT
LICKING COUNTY, OHIO

| | |
|---|---|
| STATE OF OHIO | Case No. 2025 CA 00071 |
| Plaintiff - Appellee | <u>Opinion and Judgment Entry</u> |
| -vs- | Appeal from the Licking County Court of Common Pleas, Case No. 2025 CR 00105 |
| KORTLAN J. HESS | Judgment: Affirmed |
| Defendant - Appellant | Date of Judgment Entry: May 5, 2026 |

**BEFORE:** Andrew J. King; William B. Hoffman; Kevin W. Popham, Judges

**APPEARANCES:** Jenny Wells, Licking County Prosecutor, Kenneth W. Oswalt, Assistant Prosecuting Attorney, for Plaintiff-Appellee; Brian A. Smith, Brian A. Smith Law Firm, LLC, for Defendant-Appellant.

*Hoffman, J.*

{¶1} Defendant-appellant Kortlan J. Hess appeals the September 8, 2025 Judgment Entry entered by the Licking County Court of Common Pleas, which found him guilty of 15 drug related offenses after he entered a guilty plea to the Indictment and sentenced him to an aggregate period of incarceration of 15 to 19 years. Plaintiff-appellee is the State of Ohio. We affirm the trial court.

STATEMENT OF THE CASE AND FACTS

{¶2} On March 6, 2025, the Licking County Grand Jury indicted Appellant on the following charges:

Count 1: aggravated trafficking in drugs (methamphetamine), in violation of R.C. 2925.03(A)(1), (C)(1)(d), a felony of the second degree;

Count 2: trafficking in fentanyl-related compound, in violation of R.C. 2925(A)(1), (C)(9)(e), a felony of the second degree;

Count 3: trafficking in cocaine, in violation of R.C. 2925.03(A)(1), (C)(4)(d), a felony of the third degree;

Count 4: trafficking in ketamine, in violation of R.C. 2925.03(A)(1), (C)(2)(a), a felony of the fifth degree;

Count 5: aggravated possession of drugs (psilocyn), in violation of R.C. 2925.11(A), (C)(1)(a), a felony of the fifth degree;

Count 6: aggravated possession of drugs (methamphetamine), in violation of R.C. 2925.11(A), (C)(1)(c), a felony of the sixth degree;

Count 7: possession of fentanyl-related compound, in violation of R.C. 2925.11(A), (C)(11)(f), a felony of the first degree;

Count 8: trafficking in fentanyl-related compound, in violation of R.C. 2925.03(A)(2), (C)(9)(g), a felony of the first degree;

Count 9: possession of cocaine, in violation of R.C. 2925.11(A), (C)(4)(e), a felony of the first degree;

Count 10: trafficking in cocaine, in violation of R.C. 2925.03(A)(2), (C)(4)(f), a felony of the first degree;

Count 11: possession of drugs (ketamine/ketamine), in violation of R.C. 2925.11(A), (C)(2)(b), a felony of the fourth degree;

Count 12: trafficking in ketamine/ketamine, in violation of R.C. 2925.03(A)(2), (C)(2)(c), a felony of the fourth degree;

Count 13: having weapons while under disability, in violation of R.C. 2923.13(A)(2), a felony of the third degree; and

Count 14: having weapons while under disability, in violation of R.C. 2923.13(A)(3), a felony of the third degree.

{¶3} Counts 2, 3, 4, 5, 6, 8, 9, 10, 11, and 12 carried a forfeiture specification (U.S. currency), in violation of R.C. 2981.02(A)(1), (B) and R.C. 2941.1417(A). Counts 2, 3, 4, 13, and 14 carried a forfeiture specification (firearm), in violation of R.C. 2981.02(A)(1), (C) and R.C. 2941.1417(A). Appellant appeared before the trial court for arraignment on March 11, 2025, and entered a plea of not guilty to the Indictment.

{¶4} The trial court scheduled the matter for jury trial on May 13, 2025. On May 7, 2025, Attorney Lisa Tome, counsel for Appellant, moved for a continuance. The trial court granted the continuance and rescheduled the trial for July 15, 2025. On July 15, 2025, Attorney Tome filed a motion to continue, requesting the trial court continue "the change of plea and sentencing [in] this matter due to a medical issue." July 15, 2025 Motion to Continue Jury Trial. The trial court rescheduled the change of plea and sentencing hearing until September 5, 2025.

{¶5} Appellant appeared before the trial court on September 5, 2025, and advised the trial court he intended to withdraw his former plea of not guilty and enter a plea of guilty to the Indictment. The State provided the following summary of the facts underlying the offenses:

Detectives from the Central Ohio Drug Enforcement Task Force ("CODE") met with a confidential informant ("the CI"), who arranged two

controlled buys from Appellant on February 10, 2025, and February 19, 2025. CODE provided the CI with prerecorded buy money. The methamphetamine the CI purchased from Appellant on February 10, 2025, had a field weight of 87 grams. Bulk amount for methamphetamine is 3 grams. Central Ohio Regional Crime Lab ("CORCL") subsequently tested the substance which was determined to be 78.63 grams of methamphetamine, a Schedule II controlled substance.

The CI arranged to purchase 4 ½ ounces of methamphetamine from Appellant on February 19, 2025, however, Appellant provided the CI with fentanyl instead. Appellant and the CI had previously discussed the fact fentanyl was more profitable than methamphetamine. Appellant gave the CI a glove of fentanyl then entered a residence. Appellant returned with a baggie containing the remainder of the fentanyl. The substance had a field weight of 16 grams. CORCL tested the substance. The glove contained 3.599 grams of a fentanyl-related compound, a Schedule II controlled substance; cocaine, a Schedule II controlled substance; and ketamine, a Schedule III controlled substance. The baggie contained 7.226 grams of the same substances.

Appellant met with his parole officer later in the day on February 19, 2025, and was placed under arrest. Cash in the amount of $874.00 was found on Appellant's person. All of the bills were prerecorded buy money. When Officer Golden searched the vehicle in which Appellant drove to his parole appointment, he located a plastic bag containing what appeared to

be fentanyl. Testing revealed the substance was fentanyl-related compounds, cocaine, and ketamine, weighing 7.994 grams.

During his initial police interview, Appellant admitted selling two or three "zips," ounces, a week. Police obtained a search warrant for Appellant's residence. During the execution of the warrant, police discovered drug-related paraphernalia, 60.89 grams of methamphetamine; 64.975 grams of a substance comprised of fentanyl-related compounds, cocaine, and ketamine; and 13.88 grams of psilocin, a Schedule I controlled substance. Police conducted a search of a second residence and located a loaded 9-millimeter handgun and keys which fit Appellant's residence and vehicle. During a second police interview, Appellant admitted the drugs located at his residence belonged to him and he stole the handgun after finding it in the bathroom of a bar.

Appellant previously was convicted in Licking County Court of Common Pleas Case No. 16CR444, on one count of aggravated robbery and one count of felonious assault. In addition, Appellant previously was convicted in Licking County Court of Common Pleas Case No. 16CR441, on one count of felonious assault, and in Licking County Court of Common Pleas Case No. 16CR592, on one count of aggravated possession of drugs.

Transcript of September 5, 2025 Change of Plea Hearing at pp. 9-13.

**{¶6}** After conducting a Crim.R. 11 colloquy with Appellant, the trial court accepted his plea and found him guilty. The trial court found Counts 2, 3, and 4 merged for purposes of sentencing. The State elected to proceed on Count 2. In addition, the trial

court found Counts 7, 8, 9, 10, 11, and 12 merged for purposes of sentencing, and the State elected to proceed on Count 8. The trial court further found Counts 13 and 14 merged for purposes of sentencing. The State elected to proceed on Count 13. The trial court sentenced Appellant to a mandatory period of incarceration of 8 to 12 years on Count 1; a mandatory period of incarceration of 8 to 12 years on Count 2; a prison term of 1 year on Count 5; a mandatory prison term of 8 to 12 years on Count 6; a mandatory prison term of 7 to 10 ½ years on Count 8; and a prison term of 2 years on Count 13. The trial court ordered the sentences on Counts 1 and 8 to be served consecutively with each other and concurrently with the sentences for Counts 2, 5, 6, and 13, for an aggregate sentence of 15 to 19 years.

{¶7} The trial court memorialized Appellant's convictions and sentence via Judgment Entry filed September 8, 2025.

{¶8} It is from this judgment entry Appellant appeals, raising as his sole assignment of error:

THE TRIAL COURT COMMITTED PLAIN ERROR IN IMPOSING CONSECUTIVE SENTENCES ON APPELLANT, BECAUSE ITS FINDINGS UNDER R.C. 2929.14(C)(4) WERE NOT SUPPORTED BY THE RECORD.

I

{¶9} In his sole assignment of error, Appellant contends the trial court committed plain error in imposing consecutive sentences R.C. 2929.14(C). We disagree.

*Plain Error Standard*

**{¶10}** Failure to object to the imposition of consecutive sentences consecutive sentences forfeits all but plain error. *State v. Reeves*, 2024-Ohio-4650, ¶ 39 (5th Dist.), citing *State v. Wilson*, 2013-Ohio-1520 (10th Dist.) ¶ 8.

**{¶11}** Pursuant to Crim.R. 52(B), appellate courts have discretion to correct "[p]lain errors or defects affecting substantial rights notwithstanding the accused's failure to meet his obligation to bring those errors to the attention of the trial court." *State v. Rogers*, 2015-Ohio-2459, ¶ 22. To prevail under a plain-error analysis, the appellant bears the burden of establishing (1) an error, (2) that is plain or obvious, and (3) that affected the outcome of the trial. *Id.* All three elements must be satisfied before relief may be granted. *State v. Bailey*, 2022-Ohio-4407, ¶ 9, citing *State v. Barnes*, 2002-Ohio-68.

**{¶12}** To show an effect on substantial rights, the defendant must demonstrate a reasonable probability of prejudice. *Rogers*, at ¶ 22; *United States v. Dominguez Benitez*, 542 U.S. 74, 81-83 (2004). Even where the elements are met, an appellate court is not required to correct the error and will do so only in exceptional circumstances to prevent a manifest miscarriage of justice. *Id*. at ¶ 23; *State v. Long*, 53 Ohio St. 2d 91, paragraph three of the syllabus (1978).

*Consecutive Sentences*

**{¶13}** Pursuant to R.C. 2929.14(C)(4), a trial court may impose consecutive sentences if the court finds: consecutive sentences are necessary to protect the public from future crime or to punish the offender; consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger he poses to the public; and at least one of the following applies: (a) the offender committed one or more of the multiple offenses while awaiting trial or sentencing, while under a sanction, or while under post-

release control for a prior offense; (b) at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct; or (c) the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶14} Conformity with R.C. 2929.14(C)(4) requires the trial court to make the statutory findings at the sentencing hearing, which means the trial court "must note that it engaged in the analysis" and it "has considered the statutory criteria and specifie[d] which of the given bases warrants its decision." (Citation omitted.) *State v. Bonnell*, 2014-Ohio-3177, ¶ 26. However, a trial court is under no obligation to state reasons to support its findings, nor must it recite certain talismanic words or phrases in order to be considered to have complied. *Id.* at ¶ 37.

{¶15} In general, an appellate court should give broad deference to a trial court's sentencing decision and not serve as a "second-tier sentencing court." *State v. Blanton*, 2025-Ohio-237, ¶ 30 (4th Dist.), citing *State v. Glover*, 2024-Ohio-5195, ¶ 39. R.C. 2953.08(G) reflects that deference. A trial judge usually has the benefit of presiding over the trial, hearing the witnesses testify, receiving a defendant's allocution, and often hearing directly from the victims at sentencing. *Blanton* at ¶ 30. Thus, an appellate court possesses no inherent right to review a felony sentence "[e]xcept to the extent specifically directed by statute, 'it is not the role of an appellate court to substitute its judgment for that of the sentencing court as to the appropriateness of a particular sentence.'" *Id.*, citing *Glover*, ¶ 39.

**{¶16}** R.C. 2953.08(G)(2) does not allow an appellate court to reverse or modify a sentence because a trial court arguably abused its discretion. *Glover*, 2024-Ohio-5195, at ¶ 45. An appellate court may increase, decrease, or otherwise modify consecutive sentences only if it clearly and convincingly finds the record does not support the trial court's findings or it clearly and convincingly finds the sentence is contrary to law. *Id*. at ¶ 42. "'[C]lear and convincing evidence' is a degree of proof that is greater than preponderance of the evidence but less than the beyond-a-reasonable-doubt standard used in criminal cases." (Citations omitted.) *Id*. at ¶ 46. Furthermore, "[n]owhere does the appellate-review statute direct an appellate court to consider the defendant's aggregate sentence. Rather, the appellate court must limit its review to the trial court's R.C. 2929.14(C)(4) consecutive-sentencing findings." *Id*. at ¶ 43.

*Analysis*

**{¶17}** Prior to imposing Appellant's sentence, the trial court stated:

So you've already been to prison three times, Mr. Hess. Plenty of time for you to figure it out. And in fact, you were on supervision when this occurred. You just got released in December of '23, so you were barely out a year before you were arrested here. You still have PRC time left, for gosh sake. You were involved in a sophisticated criminal enterprise. Holy cow. You're selling a lot of drugs. It's not about helping you after your fourth prison term. It's about protecting us from drug dealers in the community is what it amounts to. Come on. What are you doing here? But you're creating more zombies that wander around the streets acting weird and scaring people. It's your job.

Well, Mr. Hess, the Court's considered the purposes and principles set out in Section 2929.11 as well as the seriousness and recidivism factors set out under Section 2929.12. * * * I find that consecutive sentences are necessary to protect the public, to punish you. They are not disproportionate to the seriousness of your conduct or the danger that you pose to the public. I'd further find that consecutive sentences are necessary based on your criminal history as well as the fact that these occurred while you were on supervision for your prior drug possession offense.

Transcript of September 5, 2025 Change of Plea Hearing at pp. 25-26.

{¶18} In its September 8, 2025 Judgment Entry, the trial court similarly found:

The Court has decided that the offender shall serve the prison terms consecutively, pursuant to R.C. 2929.14(C)(4), because the Court finds that the consecutive sentences are necessary to protect the public from future crime and to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and the Court also finds the following: The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to Section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense, and the offender's history criminal conduct demonstrates that consecutive

sentences are necessary to protect the public from future crime by the offender.

*Id.* at pp. 3-4, unpaginated.

**{¶19}** While Appellant agrees the trial court made the requisite findings under R.C. 2929.14(C)(4), Appellant maintains such findings were not supported by the record. Appellant submits he "had a relatively limited criminal history, prior to the charges in this case." Brief of Appellant at p. 8. Appellant continues, "[t]he PSI shows that Hess only had one prior conviction as an adult, prior to the charges in this case – a 2010 conviction for Illegal Cultivation of Marijuana. * * * [and] had no other adult convictions." *Id.*

**{¶20}** When examining whether the record supports the trial court's findings, R.C. 2953.08(G)(2) is broadly worded to encompass *all of the proceedings before the court*, not just the sentencing, and support for consecutive findings may appear anywhere in the record and not just at the time the court imposes consecutive sentences. *State v. Venes*, 2013-Ohio-1891, ¶ 22 (8th Dist.).

**{¶21}** A review of the record in this matter belies Appellant's assertion he "had a relatively limited criminal history." The PSI, which was filed under seal, reveals the full extent of Appellant's criminal history, including juvenile offenses and adjudications, most with unsuccessful supervision. Appellant spent the majority of the years between 2016 and 2025, in prison due to convictions in multiple cases for felonious assault, discharge of a firearm on or near prohibited premises, improper handling of a firearm in a motor vehicle, failure to comply, assault, and aggravated possession of drugs. As for his 2010 conviction for illegal cultivation of marijuana, Appellant was sentenced to a three-year

prison term on June 17, 2011.  He was granted judicial release on March 26, 2012, but his supervision was revoked due to his failure to comply with the conditions thereof.

{¶22} Accordingly, we find the record does not clearly and convincingly fail to support the trial court's findings under R.C. 2929.14(C)(4) nor is it otherwise contrary to law.

{¶23} Appellant's sole assignment of error is overruled.

{¶24} The judgment of the Licking County Court of Common Pleas is affirmed.

{¶25} Costs to Appellant.


By: Hoffman, J.

King, J. and

Popham, J. concur.