[Cite as *State v. Kretzer*, 2024-Ohio-2494.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                    Court of Appeals No.  L-23-1107

      Appellee                             Trial Court No.  CR0202202896

v.

Damion C. Kretzer                         **DECISION AND JUDGMENT**

      Appellant                            Decided:  June 28, 2024

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Brenda J. Majdalani, Assistant Prosecuting Attorney, for appellee.

Laurel A. Kendall, for appellant.

* * * * *

**ZMUDA, J.**

## I.  Introduction

{¶ 1} Appellant, Damion Kretzer, appeals the March 3, 2023 judgment of the
Lucas County Court of Common Pleas convicting him of aggravated burglary, rape, and
kidnapping.  For the following reasons, we affirm the trial court's judgment.

### A.  Facts and Procedural Background

{¶ 2} On November 10, 2022, appellant was indicted on one count of aggravated
burglary in violation of R.C. 2911.11(A)(1) and (B), a first-degree felony; one count of

rape in violation of R.C. 2907.02(A)(2) and (B), a first-degree felony; and one count of kidnapping in violation of R.C. 2905.01(A)(2), a first-degree felony. The charges were based on conduct that occurred on October 3, 2022, during which appellant forcibly entered S.B.'s residence. While there, he assaulted S.B., raped her, bound her arms and legs together, and then fled the scene.

{¶ 3} Appellant initially requested a hearing on his competency to stand trial pursuant to R.C. 2945.37. The hearing was scheduled for January 17, 2023. At that hearing, the trial court found that appellant was competent to stand trial and he entered a not guilty plea.

{¶ 4} Following negotiations with the state, appellant appeared for a change of plea hearing on February 8, 2023. At that hearing, appellant agreed to enter a no contest plea to all three counts. In exchange, the state agreed to not recommend a specific sentence for the offenses. After the trial court advised appellant of the constitutional rights he would be waiving by entering a plea, appellant agreed to waive those rights and entered a no contest plea to the charged offenses.

{¶ 5} The state then proceeded to describe the facts that supported the charges in the indictment which would have been proven beyond a reasonable doubt had the case proceeded to trial. The state noted that on October 3, 2022, appellant broke into S.B.'s residence after cutting a screen from her back window. S.B. awoke to an "unusual smell" and got up to make sure that nothing was burning. As she returned to bed, S.B. noticed that a previously-closed closet door was opened and that items around the home were

2.

misplaced. Appellant then came out of hiding in the residence and informed S.B. that he was not going to hurt her but that he was hiding from the police.

{¶ 6} S.B. then begged appellant not to harm or rape her. Appellant then "grabbed her in a bear hug and slammed her onto the living room floor, then grabbed her and carried her into the bedroom of her home where he hogtied her with various cords to appliances." Appellant then removed his clothing and forced his penis into S.B.'s mouth. Appellant then left S.B. tied up as he exited the residence. S.B. ultimately freed herself and called 911 to report the incident.

{¶ 7} Responding officers discovered a screen cut out of a back window. They also found S.B. with blood on her night gown, as well as on the floor in her living room and near her bathroom, and a shirt tied around S.B.'s neck. Following a rape kit DNA swab from S.B., the police determined that appellant was the perpetrator through an existing, consistent DNA profile.

{¶ 8} Based on these facts to be proven at trial, the state asked the trial court to find appellant guilty of aggravated burglary, rape, and kidnapping consistent with the indictment. Appellant acknowledged that he had received all of the evidence the state relied on in its presentation of facts prior to entering his plea. The trial court then found appellant guilty of all three offenses and ordered him to participate in a presentencing investigation prior to his sentencing on February 22, 2023.

{¶ 9} At sentencing, appellant requested that the court find that all three of his offenses were allied offenses pursuant to R.C. 2941.25(A), and that the counts should be merged for sentencing. The state argued that each offense involved a separate animus

3.

and, therefore, were not allied offenses. Specifically, the state argued that appellant's animus behind his forcible entry into the residence, by his own words, was to commit the offense of fleeing and eluding a police officer. He then assaulted S.B. in furtherance of that offense, satisfying the elements of an aggravated burglary. The state next argued, in accordance with S.B.'s statement in the presentence investigation report, that appellant actually tied her up at two separate times that evening. First, appellant tied her legs together before carrying her to the bedroom and raping her. After the rape was completed, appellant then "hog tied" appellant's hands behind her back and to her already bound legs and left the residence. The state argued that the animus behind binding appellant's ankles was to commit the rape offense while the animus behind appellant subsequently tying S.B.'s hands behind her back was so that he could flee, a fact that supported the separate kidnapping offense. For these reasons, the state asked the court to find that each offense was committed with a separate animus and, therefore, were not allied offenses.

{¶ 10} Appellant offered no argument in response to the state. The trial court, noting that it had considered the fact pattern in the sequence of events that occurred on October 3, 2022, determined that appellant had a separate animus for committing each offense and, therefore, concluded that the offenses would not merge for purposes of sentencing.

{¶ 11} The trial court then, pursuant to R.C. 2967.271, imposed an indefinite prison term of a minimum of 10 years and a maximum of 15 years for the aggravated burglary offense; an indefinite prison term of a minimum of 11 years and a maximum of

4.

16.5 years for the rape offense; and an indefinite prison term of a minimum of 10 years and a maximum of 15 years for the kidnapping offense. The trial court ordered that appellant's prison terms be served consecutively, resulting in an aggregate, indefinite prison term of 31 to 36.5 years.

## B.  Assignments of Error

{¶ 12} Appellant timely appealed and asserts the following errors for our review:

1. Whether the trial court abused its discretion by failing to merge all appropriate sentences on the basis of allied offenses of similar import.

2. Whether the record reflects a basis for the imposition of consecutive sentences for the three offenses herein.

## II.  Law and Analysis

**A.    The trial court did not err in failing to merge appellant's offenses at sentencing.**

{¶ 13} In his first assignment of error, appellant argues that his convictions for rape and kidnapping constituted allied offenses of similar import and should have been merged at sentencing.[1]  R.C. 2941.25 prohibits multiple convictions for "allied offenses of similar import" arising from the same conduct.  "[W]henever a court considers whether there are allied offenses that merge into a single conviction, the court 'must first take into account the conduct of the defendant.  In other words, how were the offenses committed.'"  *State v. Tellis*, 2020-Ohio-6982, ¶ 74 (6th Dist.), citing *State v. Ruff,* 2015-

---

[1] Appellant does not allege that his conviction for aggravated robbery should have been merged in this appeal as he did before the trial court.

5.

Ohio-995, ¶ 25.  To determine whether multiple convictions constitute allied offenses, the court must address three questions: "(1) Were the offenses dissimilar in import, meaning did the offenses involve either separate victims or separate and identifiable harm? (2) Were the offenses committed separately? and (3) Were the offenses committed with separate animus?"  *Tellis* at ¶ 74.  "An affirmative answer to any of the above will permit separate convictions."  *Id.*

{¶ 14} The defendant bears the burden of establishing that R.C. 2941.25 prohibits multiple punishments.  *State v. Smith,* 2023-Ohio-866, ¶ 10, citing *State v. Washington,* 2013-Ohio-4982, ¶ 18.  While appellant's assignment of error suggests that this court review the trial court's decision for an abuse of discretion, it is a legal question that we review de novo.[2]  *Id.,* citing *State v. Bailey,* 2022-Ohio-4407, ¶ 6.  Although a legal question, whether R.C. 2941.25 has been properly applied "necessarily turns on an analysis of the facts[.]"  *Id.,* citing *Bailey* at ¶ 11.  The analysis "must focus on the defendant's conduct, rather than simply compar[ing] the elements of the two offenses."  *Id.* at ¶ 9, citing *Ruff* at ¶ 30.

{¶ 15} Here, appellant argues that there was no separate animus underlying the rape and kidnapping offenses because the use of force to tie S.B.'s arms and legs constituted a "unity of animus" underlying both offenses.  Restraining S.B. made her "easier to control once [appellant] moved her to the bedroom for the purpose of the rape."

---

[2] The state alleges that appellant is limited to plain error review for failing to object to the trial court's determination that the offenses would not be merged for purposes of sentencing.  The record clearly shows that appellant objected to the trial court's decision at sentencing and that his objection was reflected in the trial court's judgment entry.

6.

He argues that since restraining S.B.'s movement was to facilitate her rape, that there was no separate animus underlying the kidnapping offense based on that same use of force, and that the kidnapping should have been merged for sentencing pursuant to R.C. 2941.25. The facts of this case, however, do not support such an argument.

{¶ 16} The use of force is an element of both a rape offense, as described in R.C. 2907.02(A)(2), and a kidnapping offense, as described in R.C. 2905.01(A)(2). Appellant is correct that, as a general proposition of law, the force used to commit rape may also constitute a kidnapping. *See State v. Logan,* 60 Ohio St.2d 126 (1979) (abrogated by *Ruff* on other grounds). In *Logan,* the Ohio Supreme Court noted that because a forcible rape requires restraint of the victim by force, that "implicit within every forcible rape * * * is a kidnapping." *Logan* at 130. Appellant cited to *Logan* as support for the proposition that his use of force on S.B. arose from a single animus because the kidnapping was implicit in her rape, making them allied offenses. *Logan,* however, is inapplicable to the facts of this case.

{¶ 17} At the sentencing hearing, appellant did not dispute that he used force to bind appellant's ankles prior to committing the rape or that he bound S.B.'s hands behind her back after completing the rape as the state argued in opposition to his request for merger at sentencing. Instead, he merely argues that his admitted uses of force all had the same animus—to allow him to commit only the rape offense.

{¶ 18} Appellant's separate use of force to tie S.B.'s hands behind her back did not occur until after committing the rape. Clearly, appellant's use of force in tying S.B.'s hands could not have been guided by his intent to commit the rape as it occurred after the

7.

commission of the rape. Rather, this force was used to allow him to flee following the rape. A kidnapping, pursuant to R.C. 2905.01(A)(2), occurs when an offender uses force to restrain the liberty of another person "[t]o facilitate the commission of any felony *or flight thereafter*[.]" (emphasis added). Therefore, the use of force to flee the scene was guided by a separate animus and was not a "unity of animus" to commit the rape as appellant argues. This is not an instance in which the same force is used to facilitate both the rape and kidnapping as described in *Logan.* Because the record shows that the animus behind each of appellant's separate uses of force was to commit a rape and a kidnapping offense, respectively, he has failed to satisfy his burden to show that the rape and kidnapping were allied offenses and that he could only be convicted of one pursuant to R.C. 2941.25. *See Smith,* 2023-Ohio-866, at ¶ 10. As a result, the trial court did not err in finding that appellant's use of force did not arise from a single animus and did not err in declining to merge the offenses for purposes of sentencing pursuant to R.C. 2941.25.[3] *See Ruff* at ¶ 25.

{¶ 19} For these reasons, appellant's first assignment of error is found not well-taken.

## B. The trial court did not err in ordering appellant to serve his sentences consecutively.

---

[3] These undisputed facts also support a finding that appellant committed two separate offenses by using force to commit the rape before using separate force to commit the kidnapping after the rape had been committed. While the trial court did not make that finding and appellant does not raise this issue on appeal, it also supports the trial court's conclusion that the offenses did not merge for purposes of sentencing. *Ruff* at ¶ 25.

8.

{¶ 20} In his second assignment of error, appellant argues that the trial court erred when it ordered him to serve his prison terms consecutively because "the record does not support a need for consecutive sentences for [the rape and kidnapping offenses]." Specifically, appellant argues the trial court incorrectly found that the kidnapping and rape offenses resulted in separate and distinct harms. We find appellant's argument is unfounded as it asks this court to review a finding that the trial court did not make, and was not required to make, in order to impose consecutive sentences.

{¶ 21} To impose consecutive sentences, a trial court must make certain findings at both the sentencing hearing and in the sentencing entry. R.C. 2929.14(C)(4). *See also State v. Bonnell*, 2014-Ohio-3177, syllabus*; State v. Sipperley*, 2020-Ohio-4609, ¶ 14 (6th Dist.). The trial court must make three findings: (1) consecutive sentences are necessary to protect the public from future crime or to punish the offender; (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) one or more of the findings listed in R.C. 2929.14(C)(4)(a), (b), or (c). *State v. Beasley*, 2018-Ohio-493, ¶ 252.

{¶ 22} R.C. 2929.14(C)(4) does not require a trial court to find that a defendant's conduct in committing the offenses on which the sentences were imposed caused separate harm before it may order those sentences to be served consecutively. It is unclear, then, how the trial court could have erred in imposing consecutive sentence for making such a finding when no such finding was required. Therefore, appellant's challenge to the imposition of consecutive sentences on that basis is without merit. Moreover, appellant

9.

does not otherwise challenge any of the trial court's R.C. 2929.14(C)(4) findings that warranted consecutive sentences. As a result, we find appellant's second assignment of error not well-taken.

### III. Conclusion

{¶ 23} For the foregoing reasons, we find each of appellant's assignments of error not well-taken and we affirm the March 3, 2023 judgment of the Lucas County Court of Common Pleas.

{¶ 24} Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Christine E. Mayle, J.                           _____
                                                  JUDGE
Gene A. Zmuda, J.          

Myron C. Duhart, J.                     _____
CONCUR.                                        JUDGE

                                                 _____
                                                  JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.