[Cite as *State v. Clay*, 2025-Ohio-664.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. Craig R. Baldwin, P.J. |
| Plaintiff - Appellee | : | Hon. Michael D. Hess, J. |
| | : | Hon. Jason P. Smith, J. |
| | : | |
| | : | Judges Hess and Smith Sitting by |
| | : | Assignment by the Supreme Court of |
| | : | Ohio |
| -vs- | : | |
| | : | |
| ROBERT W. CLAY, | : | Case No. 2024 CA 00054 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Licking County
                                  Court of Common Pleas, Case No.
                                  2023 CR 00729


JUDGMENT:                         Affirmed


DATE OF JUDGMENT:                 February 24, 2025


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

JENNY WELLS                               BRIAN A. SMITH
Licking County Prosecuting Attorney       123 S. Miller Rd., Suite 250
                                          Akron, Ohio 44333
By: KENNETH W. OSWALT
Assistant Prosecuting Attorney
20 S. Second Street, 4th Floor
Newark, Ohio 43055

*Baldwin, P.J.*

**{¶1}** Appellant Robert W. Clay appeals the trial court's imposition of consecutive sentences following his plea of guilty on multiple drug charges. Appellee is the State of Ohio.

## STATEMENT OF THE FACTS AND THE CASE

**{¶2}** On or about August 3, 2023, law enforcement officers observed the appellant operating his blue Chevrolet Malibu at over 70 miles per hour in a 50 mile per hour zone and making an improper lane change, prompting a traffic stop. A free air sniff was performed by a law enforcement canine, who positively alerted officers to the presence of narcotics. A probable cause search followed, during which officers observed what appeared to be a shard of methamphetamine in plain view on the driver's seat, as well as a baggie of suspected methamphetamine, a baggie of marijuana, and a pipe with what appeared to be crack cocaine residue in the console. In addition, a search of the glove compartment revealed a scale on which white residue was observed, and a baggie containing white powder was located in the driver's door. The appellant was arrested and Mirandized, after which he admitted to the purchase and use of narcotics, and that the items in the vehicle were his.

**{¶3}** On or about October 3, 2023, detectives were investigating drug trafficking when an officer performed a registration check on a blue Chevrolet Malibu parked at a residence known to officers to be associated with illegal drug trafficking. The car was registered to the appellant, whose driver's license was suspended. An officer thereafter observed the appellant driving the vehicle, a traffic stop ensued, and the appellant was ultimately asked to sit in the back of the patrol car. Law enforcement officers deployed a

law enforcement canine, who performed a free air sniff on the vehicle and alerted officers to the presence of narcotics. Officers searched the appellant's vehicle and found a jar containing marijuana, as well as a false bottom can in the back seat. In addition, several false bottom cans containing methamphetamine, fentanyl, and cash were located in the trunk. When officers returned to the patrol car to speak the with the appellant, he stated "Well, you found it," admitting that the drugs were his. The substances were field weighed, and thereafter sent to the Central Ohio Regional Crime Lab for testing.

**{¶4}** On October 4, 2023, the arresting/investigating officer filed a Criminal Complaint/Arrest Warrant with regard to the appellant's October 3, 2023, offenses. On October 12, 2024, the appellant was indicted on the following charges in connection with both the August 3, 2023, incident and the October 3, 2023, incident:

- Count One, Aggravated Possession of Drugs (Methamphetamine) in violation of R.C. 2925.11(A)(C)(1)(a), a felony of the fifth degree;

- Count Two, Possession of Cocaine in violation of R.C. 2925.11(A)(C)(4)(a), a felony of the fifth degree;

- Count Three, Illegal Use or Possession of Drug Paraphernalia in violation of R.C. 2925.14(C)(1), a misdemeanor of the fourth degree;

- Count Four, Aggravated Possession of Drugs (Methamphetamine) in violation of R.C. 2925.11(A)(C)(1)(c), a felony of the second degree;

- Count Five, Aggravated Trafficking in Drugs (Methamphetamine) in violation of R.C. 2925.03(A)(2)(C)(1)(d), a felony of the second degree;

- Count Six, Possessing Criminal Tools in violation of R.C. 2923.24(A), a felony of the fifth degree;

- Count Seven, Possession of a Fentanyl-Related Compound in violation of R.C. 2925.11(A)(C)(11)(a), a felony of the fifth degree;

- Count Eight, Trafficking in a Fentanyl-Related Compound in violation of R.C. 2925.03(A)(2)(C)(9)(a), a felony of the fifth degree; and,

- two Forfeiture Specifications, one for U.S. currency and one for his vehicle, pursuant to R.C. 2981.02(A)(1) (A) & (B) and 2941.1417(A).

The appellant pleaded not guilty to all charges at his October 17, 2023, arraignment.

{¶5} The parties thereafter entered into a plea agreement in which the appellant agreed to plead guilty to Counts One, Two, Three, Four (including the forfeiture specifications), and Seven, and the appellee agreed to dismiss Counts Five, Six, and Eight. The trial court held a change of plea/sentencing hearing on May 23, 2024, at which it confirmed the appellant's execution of the Admission of Guilt forms on those counts to which the appellant had agreed to plead guilty, and engaged in the requisite Crim.R. 11 colloquy. After advising the appellant of the constitutional rights he was waiving by pleading guilty, confirming the appellant's understanding of the charges to which he intended to plead guilty, the potential sentences for each, and the fact that the appellant was entering into the plea agreement knowingly and voluntarily, the trial court accepted the appellant's plea of guilty to the aforesaid counts.

{¶6} A presentence investigation report was prepared which evidenced the appellant's extensive criminal history. In addition to a juvenile record, the appellant had an adult criminal history that began in the 1980s and included the following: eleven

possession and/or abuse of drugs charges; three trafficking in drugs charges; ten OVIs; one assault/felonious assault charge; one obstruction of official business charge; one breaking and entering charge; one public urination/defecation charge; one criminal damaging charge; eight no driver's license/driving under suspension charges; one hit/skip charge; one menacing charge; two failure to appear charges; one resisting arrest charge; and numerous traffic charges. Many of the drug trafficking and possession charges occurred in Licking County in 2013, 2017, and 2019, in addition to the charges in the current case.

**{¶7}** The trial court sentenced the appellant to a stated prison term of nine (9) months on Count One; a stated prison term of nine (9) months on Count Two; an indeterminate mandatory prison term of five (5) to seven and one-half (7 ½) years on Count Four; and, a stated prison term of nine (9) months on Count Seven. In addition, the trial court sentenced the appellant to thirty (30) days in jail on Count Three. Finally, the trial court ordered that the sentences on Counts One, Two, Four, and Seven be served consecutively with each other and concurrently with Count Three. With regard to sentencing and the imposition of consecutive sentences, the trial court stated during the hearing:

> Mr. Clay, the Court's considered the purposes and principles of sentencing set out under Section 2929.11 as well as the seriousness and recidivism factors set out under Section 2929.12. And I, too, had noted one of the longer criminal histories I've ever seen, including with your last six drug trafficking in Licking County with eight months in prison 2018 case; another 2018 case - - rather, 2013 case - - another 2013 drug possession,

10 months in prison, Licking County; another Licking County case, 2017, 2 year prison sentence for drug trafficking; a Columbus case from 2019 in which you received 4 years in prison for drug possession; and then another drunk driving charge last year here in Licking County with probation. Looks like you've been out of prison less than a year from your 4 year sentence for drug possession when this occurred and just a terrible tale of disaster and bad impact on the whole community by your activity.

On that basis, Mr. Clay, on Count 1, I'll impose a term of 9 months in the state penitentiary. On Count 2, I'll impose a term of 9 months in the state penitentiary. I'll impose a 30 day sentence on Count No.3. I'll impose a term of 5 years of mandatory incarceration on Count No. 4, and I'll impose a 9 month sentence on Count No. 7. I'll order all those sentences run consecutively with each other finding consecutive sentences are necessary to protect the public, to punish you; they are not disproportionate to the seriousness of your conduct or to the danger that you pose to the public; and that your criminal history necessitates consecutive sentences; and I would find that you were on supervision from your drunk driving charge at the time these occurred.

In addition, the trial court advised the appellant regarding post-release control.

**{¶8}** The trial court also issued a Judgment Entry on May 24, 2024, in which it, inter alia, addressed the imposition of consecutive sentences, stating:

The Court has decided that the offender shall serve the prison terms consecutively, pursuant to R.C. 2929.14(C)(4), because the Court finds that

the consecutive sentences are necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and the Court also finds the following: The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to Section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense, and the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶9}** The appellant filed a timely appeal in which he sets forth the following sole assignment of error:

"I. THE TRIAL COURT COMMITTED PLAIN ERROR IN IMPOSING CONSECUTIVE SENTENCES ON APPELLANT, BECAUSE ITS FINDINGS UNDER R.C. 2929.14(C)(4) WERE NOT SUPPORTED BY THE RECORD."

### STANDARD OF REVIEW

**{¶10}** The appellant submits that the trial court committed plain error because the record does not support the imposition of consecutive sentences on Counts One, Two, Four, and Seven. We disagree.

**{¶11}** Plain error was recently discussed by this Court in *State v. Durham*, 2024-Ohio-3289 (5th Dist.):

Crim.R. 52 affords appellate courts limited power to correct errors that occurred during the trial court proceeding. The Rule distinguishes between errors to which a defendant objected at trial [Crim.R. 52(a)] and errors that a defendant failed to raise at trial. [Crim.R. 52(b)]. The main distinction between plain-error review, which is the standard employed when a defendant failed to object at trial, and harmless-error review, which is employed when a defendant did object, is the party that bears the burden. *See State v. Jones*, 160 Ohio St.3d 314, 2020-Ohio-3051, 156 N.E.3d 872, ¶ 17-18. Under plain-error review, the defendant bears the burden to demonstrate the requirements for review whereas under harmless-error review, the state bears the burden to demonstrate that the error did not affect the defendant's substantial rights. *Id.* at ¶ 17-18. *See, State v. Bond*, 170 Ohio St.3d 316, 2022-Ohio-4150, 212 N.E.3d 880, ¶7. While Crim.R. 52(a) precludes error correction only if the error "does ***not*** affect substantial rights," (emphasis added), Crim.R. 52(b) authorizes no remedy unless the error ***does*** "affec[t] substantial rights." (Emphasis added.). *State v. Perry,* 2004-Ohio-118, 2004 WL 57416, ¶15 (2004), *quoting United States v. Olano*, 507 U.S. 725, 734-735, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993).

"To establish plain error under Crim.R. 52(b), [Durham] must show that an error occurred, that the error was obvious, and that there is 'a reasonable probability that the error resulted in prejudice,' meaning that the error affected the outcome of the trial." (Emphasis omitted.) *State v. McAlpin*, 169 Ohio St.3d 279, 2022-Ohio-1567, 204 N.E.3d 459, ¶ 66,

*quoting State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 22. *Accord State v. Bailey*, 171 Ohio St.3d 486, 2022-Ohio-4407, 218 N.E.3d 858, ¶ 8. These elements are "conjunctive," meaning "all three must apply to justify an appellate court's intervention." *Bailey* at ¶ 9, *citing State v. Barnes,* 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002). Intervention by an appellate court for plain error "is warranted only under exceptional circumstances to prevent injustice." Id. at ¶ 8, *citing State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph three of the syllabus.

In order to show that an error affected substantial rights, the defendant must demonstrate "a reasonable probability that the error resulted in prejudice - the same deferential standard for reviewing ineffective assistance of counsel claims." (Emphasis deleted.) *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 22, *citing United States v. Dominguez Benitez*, 542 U.S. 74, 81-83, 124 S.Ct. 2333, 159 L.Ed.2d 157, (2004) (construing Fed.R.Crim.P. 52(b), the federal analog to Crim.R. 52(B)). *Bond* at ¶ 22. The Court in *Rogers* reaffirmed that even if an accused shows the trial court committed plain error affecting the outcome of the proceeding, the appellate court is not required to correct it. *Id*. at ¶ 23. The Supreme Court stated:

[W]e have "admonish[ed] courts to notice plain error 'with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.' " *Barnes* at 27, 759 N.E.2d 1240,

> quoting *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978),
>
> paragraph three of the syllabus.
>
> *Rogers*, ¶ 23; *State v. Perry*, 101 Ohio St.3d 118, 120, 802 N.E.2d 643
>
> (2004).

*Id.* at ¶¶ 41-43.

{¶12} The issue of consecutive sentences was discussed by the Ohio Supreme Court in the seminal case of *State v. Bonnell*, 2014-Ohio-3177:

> On appeals involving the imposition of consecutive sentences, R.C.
>
> 2953.08(G)(2)(a) directs the appellate court "to review the record, including
>
> the findings underlying the sentence" and to modify or vacate the sentence
>
> "if it clearly and convincingly finds * * * [t]hat the record does not support the
>
> sentencing court's findings under division * * * (C)(4) of section 2929.14 * *
>
> * of the Revised Code." But that statute does not specify where the findings
>
> are to be made. Thus, the record must contain a basis upon which a
>
> reviewing court can determine that the trial court made the findings required
>
> by R.C. 2929.14(C)(4) before it imposed consecutive sentences.

*Id.* at ¶ 28. The issue was subsequently addressed by this Court in *State v. Corbett,* 2023-Ohio-556 (5th Dist.):

> We review felony sentences using the standard of review set forth in
>
> R.C. 2953.08. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59
>
> N.E.3d 1231, ¶ 22. In *State v. Gwynne*, a plurality of the Supreme Court of
>
> Ohio held that an appellate court may only review individual felony
>
> sentences under R.C. 2929.11 and R.C. 2929.12, while R.C. 2953.08(G)(2)

is the exclusive means of appellate review of consecutive felony sentences.

158 Ohio St.3d 279, 2019-Ohio-4761, 141 N.E.3d 169, ¶ 16-18.

R.C. 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find that *either* the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), *or* the sentence is otherwise contrary to law. *See, also, State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.2d 659, ¶ 28; *Gwynne,* supra, ¶ 16.

Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford,* 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus. "Where the degree of proof required to sustain an issue must be clear and convincing, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." *Cross,* 161 Ohio St. at 477, 120 N.E.2d 118.

*Id.* at ¶24-26.

## ANALYSIS

{¶13} In order to successfully argue that the trial court committed plain error, the appellant must show that (1) the trial court committed an error in imposing consecutive sentences; (2) that the error was obvious; and, (3) that there is a reasonable probability that the error resulted in prejudice. All three must apply in order to justify an appellate

court's intervention, and intervention for plain error "is warranted only under exceptional circumstances to prevent injustice."

**{¶14}** R.C. 2929.14 addresses prison terms, and specifically addresses the imposition of consecutive sentences at section (C)(4):

If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a)     The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b)     At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c)     The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶15}** This language was applied in *Corbett, supra,* in which this Court stated:

"In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings." *State v. Newman*, 5th Dist. Fairfield No. 20-CA-44, 2021-Ohio-2124, 2021 WL 2628079, ¶ 100, citing *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, syllabus. In other words, the sentencing court does not have to perform "a word-for-word recitation of the language of the statute." *Id.* at ¶ 29. Therefore, "as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Id.* If a sentencing court fails to make the findings required by R.C. 2929.14(C)(4), a consecutive sentence imposed is contrary to law. *Id.* at ¶ 34. The trial court is not required "to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry." *Id.* at ¶ 37.

*Id.* at ¶28.

**{¶16}** The appellant argues that the trial court's imposition of consecutive sentences in this case is in contravention of R.C. 2929.14(C)(4) and therefore constitutes plain error. We disagree. Our review of the record confirms that the trial court made the findings required by R.C. 2929.14(C)(4) before it imposed consecutive sentences. The

trial court specifically found that consecutive sentences were necessary to protect the public and punish the appellant, and were not disproportionate to the seriousness of the appellant's conduct and the danger he posed to the public. The trial court also considered the appellant's extensive history of criminal conduct, finding it established that consecutive sentences were necessary to protect the public from future crime by the appellant. The trial court utilized the specific statutory language, stating that it found "consecutive sentences necessary to protect the public, and to punish [the appellant];" that "consecutive sentences were not disproportionate to the seriousness of [the appellant's] conduct or to the danger that [he] posed to the public;" that his "criminal history necessitates consecutive sentences;" and, that he "was on supervision from his drunk driving charge at the time the offenses occurred."

{¶17} "[A]s long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Bonnell*, supra, at ¶ 29. In the case sub judice, the record establishes that the trial court made the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing, and incorporated its findings into its sentencing entry.

{¶18} The record in this case supports the findings of the trial court and its imposition of consecutive sentences. The appellant has therefore failed to demonstrate that the trial court committed an error in imposing consecutive sentences, and his plain error argument must therefore fail. Accordingly, we find the appellant's assignment of error to be wholly without merit.

## CONCLUSION

{¶19} Based upon the foregoing, the appellant's sole assignment of error is overruled, and the decision of the Licking County Court of Common Pleas is hereby affirmed.

By: Baldwin, P.J.

Hess, J. and

Smith, J. concur.