[Cite as *State v. Cameron*, 2025-Ohio-3192.]

# IN THE COURT OF APPEALS OF OHIO
# ELEVENTH APPELLATE DISTRICT
# ASHTABULA COUNTY

STATE OF OHIO,

        Plaintiff-Appellee,

- vs -

MALINDA DEE CAMERON,

        Defendant-Appellant.

CASE NO. 2024-A-0103

Criminal Appeal from the
Court of Common Pleas

Trial Court No. 2024 CR 00266

## OPINION AND JUDGMENT ENTRY

Decided: September 8, 2025
Judgment: Affirmed in part, reversed in part, and remanded

*April R. Grabman*, Ashtabula County Prosecutor, and *Dane R. Hixon*, Assistant Prosecutor, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Michael A. Partlow*, P.O. Box 1562, 3435 Kent Road, Stow, OH 44224 (For Defendant-Appellant).

MATT LYNCH, J.

{¶1}    Appellant, Malinda Dee Cameron, appeals the judgment of the Ashtabula County Court of Common Pleas that sentenced her following a jury trial to an indefinite prison sentence of a minimum of three years up to a maximum of four and one-half years for felonious assault and a concurrent six-month prison sentence for domestic violence. Because her convictions are allied offenses that should have been merged at sentencing, we reverse the trial court's sentence and remand for resentencing.

{¶2}    On July 18, 2024, after she was bound over to the Ashtabula County Court of Common Pleas by the Ashtabula County Court, Eastern Division, a grand jury indicted

Cameron on two counts: (1) felonious assault, a second-degree felony in violation of R.C. 2903.11(A)(1) and (D)(1)(a), and (2) domestic violence, a first-degree misdemeanor in violation of R.C. 2919.25(A) and (D)(2).

{¶3} The case proceeded to a jury trial. The State's evidence and witness testimony revealed that on the evening of June 6, 2024, Cameron, her 70-year-old mother and the victim, Bonnie Cameron ("Bonnie"), and Cameron's friend, Dennis Bilek, patronized two local bars in Williamsfield, Ohio. Bonnie testified that when they returned home, Cameron pulled Bonnie out of the car, smashed her face into the vehicle, and told Bonnie she was going to "kill her." Cameron proceeded to claw Bonnie's face, punch her, and throw gravel at her. Two neighbors, a father and a son, heard Cameron yelling at Bonnie. They walked over when they heard Cameron tell Bonnie that no one was going to help her. They found Bonnie sitting on the ground with blood all over her face and tried to deescalate the situation. The neighbors called the Ashtabula County Sheriff's Department, and paramedics transported Bonnie to the hospital where she was treated for a broken nose, a bruised face, and a scratched neck. When asked by the deputies, Cameron denied hitting her mother. Bilek similarly denied that Cameron attacked Bonnie. The deputies observed Cameron had abrasions on her knuckles that were consistent with striking someone; however, she told them she was injured from punching a vehicle. The deputies ultimately arrested Cameron and transported her to jail. The State also introduced photographs of Bonnie's injuries and the deputies' body camera videos.

{¶4} The defense presented the testimony of Bilek and Cameron. Bilek testified that Bonnie's behavior was erratic, and she would get violent without her medication. On the evening of the incident, Bonnie did not want to leave the last bar to go home because

of her mental condition. When they returned home, Cameron went to unlock the door to the house, and Bonnie came up behind her and grabbed Cameron's hair. Bonnie was "screaming all kinds of off the wall stuff." They both fell to the ground, and Bonnie hit her face on the vehicle. Bilek did not observe Cameron scratching, kicking, or punching Bonnie.

{¶5} Cameron testified that Bonnie started yelling at a little girl when they were at the first bar. At the second bar, when it was time to leave, Bonnie grew argumentative with Cameron, and she continued arguing with Cameron on the way home. Cameron explained that her mother attacked her and pulled her hair when Cameron tried to unlock the door to the house. Both she and her mother fell to the ground, and Cameron hurt her knee. She denied punching, slapping, kicking, and/or scratching her mother. Cameron "thought" she got the bruises on her knuckles of her left hand when she fell on the gravel, and she admitted to lying to the deputies that she received the bruises by punching a car. Cameron admitted her mother looked "like she got beat up." Cameron did not tell the deputies Bonnie had been violent because she did not want to "tell" on her mother.

{¶6} The jury returned a verdict of guilty on both counts.

{¶7} At a sentencing hearing, the trial court sentenced Cameron to an indefinite prison sentence of a minimum of three years up to a maximum of four and one-half years on the count of felonious assault, and a concurrent, six-month prison sentence on the count of domestic violence.

{¶8} Cameron raises two assignments of error for our review:

{¶9} "[1.] Appellant's convictions are against the manifest weight of the evidence.

Case No. 2024-A-0103

{¶10} "[2.] The trial court committed plain error by sentencing appellant on both counts as the two charges are allied offenses of similar import."

{¶11} In her first assignment of error, Cameron contends the manifest weight of the evidence does not support the jury's verdict because her version of the incident is more credible than her mother's and it was corroborated by Bilek. Cameron further argues there is no evidence from which the jury could conclude beyond a reasonable doubt that she was the aggressor.

{¶12} "[W]eight of the evidence addresses the evidence's effect of inducing belief. In other words, a reviewing court asks whose evidence is more persuasive—the state's or the defendant's?" *State v. Wilson*, 2007-Ohio-2202, ¶ 25. "'The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997), quoting *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist. 1983). "When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a '"thirteenth juror"' and disagrees with the factfinder's resolution of the conflicting testimony." *Id*., quoting *Tibbs v. Florida*, 457 U.S. 31, 42 (1982). "'The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.'" *Id.*, quoting *Martin* at 175.

{¶13} Cameron's argument is predicated on her version of events being more credible than the State's version. However, when assessing witness credibility, "[t]he

Case No. 2024-A-0103

choice between credible witnesses and their conflicting testimony rests solely with the finder of fact and an appellate court may not substitute its own judgment for that of the finder of fact." *State v. Awan*, 22 Ohio St.3d 120, 123 (1986). This is because the trier of fact "is in the best position to observe and evaluate the demeanor, voice inflection, and gestures of the witnesses." *State v. Dach*, 2006-Ohio-3428, ¶ 42 (11th Dist.). "A fact finder is free to believe all, some, or none of the testimony of each witness appearing before it." *State v. Fetty*, 2012-Ohio-6127, ¶ 58 (11th Dist.).

{¶14} We cannot say from our review of the record that the jury lost its way and created a manifest miscarriage of justice by finding Cameron guilty. The State's evidence revealed the extent of Bonnie's injuries, which the deputies testified were consistent with assault. The neighbors found Bonnie, a 70-year-old woman, on the ground and Cameron yelling over her. Cameron's version of events was not consistent with the abrasions on her knuckles or with Bonnie's injuries. On the stand, Cameron admitted to lying about her injured knuckles to the deputies, and Bilek admitted to lying about the number of alcoholic drinks he had consumed after initially representing himself as the designated driver. Cameron admitted that her mother looked "beat up." Fundamentally, "a conviction is not against the manifest weight of the evidence [merely] because the trier of fact believed the state's version of events over the defendant's version." *State v. Ferrell*, 2020-Ohio-6879, ¶ 59 (10th Dist.).

{¶15} Because we determine the jury's verdict is supported by the manifest weight of the evidence, Cameron's first assignment of error is without merit.

{¶16} In her second assignment of error, Cameron contends the counts of felonious assault and domestic violence should have merged for sentencing purposes

since there was only one victim and one incident committed with one animus. The State concedes these are allied offenses of similar import pursuant to R.C. 2941.25(A).

{¶17} Because Cameron failed to raise the issue of merger in the trial court, we review for plain error. *State v. Bailey*, 2022-Ohio-4407, ¶ 7. "Under the plain-error doctrine, intervention by a reviewing court is warranted only under exceptional circumstances to prevent injustice." *Id.* at ¶ 8. "To establish plain error, [the appellant] must show that an error occurred, that the error was obvious, and that there is 'a reasonable probability that the error resulted in prejudice,' meaning that the error affected the outcome of the trial." (Emphasis deleted.) *State v. McAlpin*, 2022-Ohio-1567, ¶ 66, quoting *State v. Rogers*, 2015-Ohio-2459, ¶ 22.

{¶18} "Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one." R.C. 2941.25(A); *State v. Whitfield*, 2010-Ohio-2, ¶ 17 (a defendant may be indicted and tried for allied offenses but may be sentenced on only one of the allied offenses).

{¶19} "[W]hen determining whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25, courts must ask three questions when defendant's conduct supports multiple offenses: (1) Were the offenses dissimilar in import or significance? (2) Were they committed separately? and (3) Were they committed with separate animus or motivation? An affirmative answer to any of the above will permit separate convictions. The conduct, the animus, and the import must all be considered." *Bailey* at ¶ 10, quoting *State v. Earley*, 2015-Ohio-4615, ¶ 12, quoting *State v. Ruff*, 2015-Ohio-995, ¶ 31.

Case No. 2024-A-0103

{¶20} "Although determining whether R.C. 2941.25 has been properly applied is a legal question, it necessarily turns on an analysis of the facts, which can lead to exceedingly fine distinctions." *Id.* at ¶ 11, citing *State v. Johnson*, 2010-Ohio-6314, ¶ 52 ("this analysis may be sometimes difficult to perform and may result in varying results for the same set of offenses in different cases"), *abrogated in part by Ruff* at ¶ 1 (holding that "offenses resulting in harm that is separate and identifiable are offenses of dissimilar import" for purposes of merger under R.C. 2941.25(B)).

{¶21} Pursuant to R.C. 2919.25(A), the domestic violence statute, "[n]o person shall knowingly cause or attempt to cause physical harm to a family or household member." Pursuant to R.C. 2903.11(A)(1), the felonious assault statute, "[n]o person shall knowingly . . . cause physical harm to another . . . ."

{¶22} Having reviewed the record, we agree with Cameron's argument and the State's concession that the felonious assault and domestic violence offenses should have been merged for sentencing. In this case, Cameron's conduct involved a single victim and was committed with a single animus in a single incident. Thus, we must reverse the trial court's sentence and remand for resentencing. *See, e.g. State v. Brown*, 2014-Ohio-728, ¶ 3-7 (2d Dist.) (reversing and remanding for resentencing because the trial court did not engage in merger analysis and the State conceded error); *State v. Wilson*, 2025-Ohio-2296, ¶ 25-28 (3d Dist.) (remanding for resentencing because the defendant committed the offenses of strangulation and domestic violence in a single act with a single animus against a single victim and the State conceded error); *State v. Cioffi*, 2025-Ohio-423, ¶ 10-11 (3d Dist.) (remanding for resentencing because the trial court should have merged certain felonious assault and domestic violence offenses that were single acts

committed with a single animus and resulted in the same harm). "The trial court must merge the crimes into a single conviction and impose a sentence that is appropriate for the offense chosen for sentencing . . . . The imposition of concurrent sentences is not the equivalent of merging allied offenses." *State v. Damron*, 2011-Ohio-2268, ¶ 17.

{¶23} The jury's verdict is affirmed, and the sentencing judgment of the Ashtabula County Court of Common Pleas is reversed and remanded for resentencing.

JOHN J. EKLUND, J.,

SCOTT LYNCH, J.,

concur.

Case No. 2024-A-0103

# JUDGMENT ENTRY

For the reasons stated in the opinion of this court, it is the judgment and order of this court that the jury's verdict is affirmed, and the sentencing judgment of the Ashtabula County Court of Common Pleas is reversed. This case is remanded for resentencing consistent with the opinion.

Costs to be taxed against the parties equally.

_____
JUDGE MATT LYNCH

_____
JUDGE JOHN J. EKLUND,
concurs

_____
JUDGE SCOTT LYNCH,
concurs

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.